

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2002

# USA v. Luna

Precedential or Non-Precedential:

Docket 00-1156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Luna" (2002). *2002 Decisions.* Paper 231.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/231

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-1156


UNITED STATES OF AMERICA

v.

FRANKLIN LUNA
a/k/a
MOON


Franklin Luna,

Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00273-2)
District Judge: Honorable Edmund V. Ludwig


Submitted Under Third Circuit LAR 34.1(a)
February 25, 2002

Before: ROTH and FUENTES, Circuit Judges
GIBSON*, Circuit Judge

(Opinion filed March 28, 2002)


* Honorable John R. Gibson, Senior Circuit Court Judge for the Eighth Circuit, sitting by designation.

ROTH, Circuit Judge.

Defendant Franklin Luna appeals from a judgment of sentence in the United States District Court for the Eastern District of Pennsylvania. On September 13, 1999, Luna pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. 846, and one count of aiding and abetting in the distribution of cocaine, in violation of 21 U.S.C. 841 (a)(1) & 18 U.S.C. 2. On February 3, 2000, Luna was sentenced to 87 months imprisonment and supervised release of five years.

Luna's sole contention on appeal is that the District Court erred in applying a two point sentencing enhancement pursuant to U.S.S.G. 2D1.1(b)(1) for possession of a weapon during the drug offense. In order for the enhancement to apply, the government must prove, by a preponderance of the evidence, that the defendant possessed the weapon and that the connection between the weapon and the drug offense was not clearly improbable. See United States v. Price, 13 F.3d 711, 733 (3d Cir. 1994). From our review of the record, we find that there was sufficient evidence before the District Court to support its finding by a preponderance of the evidence that Luna was in possession of a firearm at the time of the drug offense. Therefore, the District Court properly applied a two point sentencing enhancement pursuant to U.S.S.G. 2D1.1(b)(1).

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.

TO THE CLERK:

    Please file the foregoing Opinion.

                    By the Court,

                    /s/ Jane R. Roth
                          Circuit Judge